**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **MONOLITHIC POWER SYSTEMS, INC.,** | § | |
| **a Delaware corporation; and CHENGDU** | § | |
| **MONOLITHIC POWER SYSTEMS CO.,** | § | |
| **LTD., a Chinese Corporation,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **CASE NO. 6:20-cv-00876-ADA** |
| | § | |
| **MERAKI INTEGRATED CIRCUIT** | § | **JURY TRIAL DEMANDED** |
| **(SHENZHEN) TECHNOLOGY, LTD., a** | § | |
| **Chinese Corporation; and PROMATE** | § | |
| **ELECTRONIC CO., LTD., a Taiwanese** | § | |
| **corporation,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## CASE READINESS STATUS REPORT

Plaintiffs Monolithic Power Systems, Inc. and Chengdu Monolithic Power Systems Co., Ltd. (collectively, "MPS" or "Plaintiffs") and Defendant Meraki Integrated Circuit (Shenzhen) Technology, Ltd. ("Meraki" or "Defendant") hereby provide the following status report in advance of the initial Case Management Conference (CMC).

## FILING AND EXTENSIONS

Plaintiffs' Complaint was filed on September 25, 2020, against Defendants Meraki and Promate Electronic Co., Ltd. ("Promate"), asserting claims for damages and injunctive relief for trade secret misappropriation, tortious interference, patent infringement and unfair competition. [Dkt. No. 1].  Defendant Meraki executed a Waiver of Service of Summons on October 18, 2020, and was provided 90 days to respond or otherwise answer the Complaint.  [Dkt. No. 13].  On December 10, 2020, Plaintiffs and Defendant Promate entered a Joint Motion to Approve a Final Consent Judgment and Permanent Injunction against Promate, which the Court granted on

December 15, 2020.  [*See* Dkt. No. 20].  Plaintiffs filed the First Amended Complaint on December 24, 2020.  [Dkt. No. 21].

## RESPONSE TO COMPLAINT

On December 29, 2020, Defendant Meraki filed a Motion to Dismiss Plaintiffs' First Amended Complaint under Rules 12(b)(6) and 12(b)(2) of the Federal Rules of Civil Procedure ("Motion to Dismiss").  [Dkt. No. 22].  Plaintiffs' opposition to the Motion to Dismiss is due on or before January 12, 2021, and Defendant Meraki's reply is due on or before January 19, 2021.

## PENDING MOTIONS

The only pending motion at this time is the Motion to Dismiss referenced above.  A hearing date has not been set.

## RELATED CASES IN THIS JUDICIAL DISTRICT

There are no related cases in this Judicial District.  Defendant Meraki would like to alert the Court that there is a related case involving overlapping issues of fact pending in the Northern District of California.  Plaintiffs disagree that the matter pending in the Northern District of California is a "related case[ ] in this judicial district" as it is in a separate jurisdiction and involves entirely different and non-overlapping defendants and claims.

## IPR, CBM, AND OTHER PGR FILINGS

To date, there are no known IPR, CBM, or other PGR filings.

## NUMBER OF ASSERTED PATENTS AND CLAIMS

To date, Plaintiffs have asserted two (2) patents and a total of two (2) claims.  Plaintiffs have not served Preliminary Infringement Contentions.

## APPOINTMENT OF TECHNICAL ADVISER

Plaintiffs believe that the appointment of a technical advisor would be premature at this time and expect that claim construction and other technical issues can be ably addressed by the

parties' respective technical experts, without the need to incur the costs of a technical advisor. Defendant Meraki believes a technical advisor would be appropriate for the technology at issue in this case, but leaves it to the Court's discretion as to whether it would benefit from the appointment of a technical advisor.

## MEET AND CONFER STATUS

The parties have one unresolved dispute for the Court, which concerns whether the Court's sample schedule should be amended to require Plaintiffs to provide a particularized identification of trade secrets before discovery can commence.  The parties' positions are outlined below.

**Plaintiffs' Position:**   Plaintiffs respectfully request that the Court deny Defendant Meraki's request for a particularized identification of trade secrets before commencing discovery. Neither the Defend Trade Secrets Act nor the Texas Uniform Trade Secrets Act impose such an obligation, especially where the same information will be gained through the course of normal discovery.  Setting such a precedent in this Court would inject delay and unpredictability into the Court's sample schedule.  Indeed, Defendant Meraki's proposal is not a "slight[ ] deviation" from the Court's sample schedule, but rather an invitation for delaying discovery.

While Plaintiffs recognize the Court's discretion to adopt procedures for managing its schedule, this so-called "California rule" has not been universally adopted in Texas, and currently no bright-line rule has governed the degree of particularity that must be disclosed in order for discovery to proceed in a trade secrets case.  However, in other states contending with the same issue, courts have generally not imposed the California rule where plaintiffs have no way of knowing what trade secrets a defendant misappropriated until after at least some initial discovery. *See, e.g.*, *IntelliCAD Tech. Consortium v. Suzhou Gstarsoft Co.*, No. 3:19-CV-1963-SI, 2020 WL 7488174, at *1–10 (D. Or. Dec. 21, 2020) (reviewing Oregon case law and noting that a particularized pre-discovery identification of trade secrets is not appropriate where "Defendants

stole large volumes of documents or secrets from Plaintiff without Plaintiff's knowledge" and plaintiffs would have "no way of knowing which secrets the defendant misappropriated until after the plaintiff conducted initial discovery," but may be justified where a "plaintiff knows exactly what trade secrets were shared with Defendants because such disclosures took place in a discreet [sic] number of joint meetings and exchanges of information over a defined time period") (citations and quotations omitted).   Here, Meraki's founders, Mr. Dong and Ms. Sheng, launched a premeditated, systematic, and deliberate attack to steal MPS' proprietary information over the course of their years-long employment.   Forensic evidence from their work laptops has already uncovered the unauthorized removal of proprietary information that they have used to create products that Meraki advertises as "pin-for-pin" compatible with Plaintiffs' products.   Plaintiffs have sufficiently alleged a legitimate claim for trade secret misappropriation and should be allowed at least some initial discovery requiring the return and/or inspection of any files that Mr. Dong and Ms. Sheng have taken in violation of their employment agreements.

Defendant Meraki, moreover, has not made a sufficient showing that ordinary discovery procedures would prove inadequate to the task, or that the issues in this particular case should necessitate such a change to the court's normal discovery schedule.   *See, e.g.*, *Polydyne Software, Inc. v. Celestica Int'l, Inc.*, No. A-14-CV-797 LY, 2014 WL 12479201, at *2–3, 6–8 (W.D. Tex. Dec. 31, 2014) (Lane, Mag. J.).   In fact, the opposite is true.   Meraki's strategy appears designed to prevent Plaintiffs from uncovering the true scope of the information stolen by its founders by restricting Plaintiffs to discovery only on what has been uncovered to date by the forensic evidence—evidence that so far has been limited to Mr. Dong's and Ms. Sheng's laptops, even though Mr. Dong and Ms. Sheng are known to have used external storage devices to steal Plaintiff's trade secrets.   These devices remain, at this time, in their possession, meaning Plaintiffs

have not been able to obtain a full accounting of the stolen information. *See, e.g.*, James Pooley, TRADE SECRETS, § 11.02 ("Identification of Trade Secrets") (2017) (noting that pre-discovery identification of trade secrets may not be appropriate to "the extent to which information relative to the trade secret claims may be exclusively in the possession of the defendant" because "[t]he nature of such conduct makes it impossible, until after substantial discovery has occurred, reliably to identify the information that was misappropriated.").

Despite Plaintiffs sending a draft of the Notice of Readiness to Defendants on December 31, 2020, five days ahead of the deadline for the parties to meet and confer, Defendant Meraki waited until almost 7:00 PM on the evening of January 5, 2021— nearly five hours after the parties had already conducted a telephonic meet and confer on other issues and just before Plaintiffs were prepared to file the Notice of Readiness—to spring this issue on Plaintiffs by email.  Regardless, Plaintiffs oppose Defendant Meraki's request for a change to the Court's sample schedule, and requests that the Court deny this request outright.  If the Court feels further briefing is required, Plaintiffs respectfully request that the Court allow the parties leave to more fully brief this matter given Defendant Meraki's eleventh-hour request and Plaintiffs' desire to not further delay this case.

**Defendant Meraki's Position:**  Because the Default Schedule as outlined in Appendix A to the Sample Order Governing Proceedings v. 3.2 is tailored for a patent cases, Defendant Meraki requests that the Court slightly deviate from its sample schedule to include one additional deadline during the claim construction phase and ahead of the *Markman* hearing.  This additional deadline would be akin to the parties' infringement and invalidity contentions deadline as it that would require Plaintiffs to describe, with reasonable specificity, the trade secrets that are being asserted in this case.  Defendant Meraki also requests that this disclosure include a requirement that

Plaintiffs identify their contentions as to what distinguishes their alleged trade secrets from matters already known to persons skilled in the field from the prior art.

Plaintiff brings claims under the federal Defend Trade Secrets Act and Texas Uniform Trade Secrets Act for alleged misappropriation of trade secrets regarding the "design and layout of MPS's synchronous rectifier products." Although neither Texas nor Fifth Circuit law requires pre–discovery identification of trade secrets, the Federal Rules of Civil Procedure provide a mechanism for fostering the same goal of facilitating discovery in unique cases. Rule 16(c)(2)(L) provides the district court with broad discretion to "adopt [ ] special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems." FED. R. CIV. P. 16(c)(2)(L); *see also, e.g., Zenimax Media, Inc. v. Oculus Vr, Inc.*, No. 3:14-CV-1849-P (BF), 2015 WL 11120582, at *2–3 (N.D. Tex. Feb. 13, 2015) (ordering plaintiffs to provide a pre-discovery trade secret disclosure); *StoneEagle Servs., Inc. v. Valentine*, No. 3:12-cv-1687-P, 2013 WL 9554563, at *2–3 (N.D. Tex. June 5, 2013) (agreeing with the growing consensus of courts in favor of requiring plaintiffs to identify, with reasonable particularity, the alleged trade secrets at issue). Given that the trade secrets at issue appear to consist of incremental variations on, or advances in the state of the art in a highly specialized technical field, and in light of the patent claims and information which is publicly available or can be reverse engineered from products sold in the marketplace, Defendant Merakai requests a pre-discovery identification of the trade secrets for the following reasons. A pre-discovery trade secret disclosure promotes well-investigated claims and dissuades the filing of meritless trade secret complaints. It also prevents Plaintiffs from using the discovery process as a means to obtain Defendant Meraki's trade secrets. A pre-discovery trade secret disclosure assists the Court in framing the appropriate scope of discovery and in determining whether Plaintiffs'

discovery requests fall within that scope.  And it enables Defendant Meraki to form complete and well-reasoned defenses, ensuring that they need not wait until the eve of trial to effectively defend against charges of trade secret misappropriation. *See USAA v. Mitek Sys., Inc.*, 289 F.R.D. 244, 248–49 (W.D. Tex. Feb. 15, 2013).  Furthermore, Plaintiffs conducted a pre-litigation forensic investigation and filed claims under federal and state law asserting that trade secrets were misappropriated.  Certainly, Plaintiffs be able to describe the trade secrets at issue with reasonable particularity.  The pre-discovery disclosure of trade secrets prevents plaintiffs from suing without basis and then engaging in discovery to fish for a basis to assert that whatever information was supposedly taken constitutes a trade secret.

Finally, if the Court requires a response to Plaintiffs' above rhetoric regarding any delay, Defendant Meraki states that Plaintiffs sent a draft copy of the Case Readiness Status Report at the end of the business day on December 31, 2020.  Plaintiffs' draft was promptly reviewed the next business day, January 4.  Counsel for Plaintiffs and Defendant Meraki conducted a meet and confer on January 5, 2021 as instructed by the Court in its Standing Order Regarding Notice of Readiness for Scheduling Conference in Patent Cases.  As stated during the meet and confer, counsel for Meraki did not have an opportunity to fully review the draft or confer with their client regarding the draft until January 4.  At the time of the meet and confer, counsel for Defendant Meraki believed that all items the parties needed to discuss had been addressed.  After the meet and confer, counsel for Defendant Meraki became aware of an additional issue that needed to be raised and promptly brought it to Plaintiff's counsel's attention and offered to discuss the issue further at opposing counsel's convenience.  This offer was declined.

Besides Defendant Meraki's request for a particularized pre-discovery identification of trade secrets, the parties have no other pre-*Markman* issues to raise at the CMC.

Dated:  January 7, 2021          **PERKINS COIE LLP**

By: */s/ John P. Schnurer* _____

John P. Schnurer (Texas Bar No. 24072628)
Jschnurer@perkinscoie.com
John D. Esterhay (California Bar No. 282330)
Admitted to Practice in Western District of Texas on
October 29, 2020
Jesterhay@perkinscoie.com
11452 El Camino Real, Suite 300
San Diego, CA  92130-2080
Telephone: (858) 720-5758
Facsimile: (858) 720-5799

Janice L. Ta (Texas Bar No. 24075138)
Jta@perkinscoie.com
500 W 2nd Street, Suite 1900
Austin, TX  78701
Telephone: (737) 256-6125
Facsimile: (737) 256-6300

**ATTORNEYS FOR PLAINTIFFS**

Dated:  January 7, 2021          **MORGAN, LEWIS & BOCKIUS LLP**

By: */s/ Elizabeth M. Chiaviello* _____

Winstol D. Carter, Jr. (Texas Bar No. 03932950)
winn.carter@morganlewis.com
Elizabeth M. Chiaviello (Texas Bar No. 24088913)
elizabeth.chiaviello@morganlewis.com
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5006
Telephone: (713) 890-5000
Facsimile: (713) 890-5001

Seth M. Gerber (*pro hac vice* pending)
seth.gerber@morganlewis.com
2049 Century Park East, Suite 700
Los Angeles, CA 90067-3109
Telephone: (310) 907-1000
Facsimile: (310) 907-1001

Andrew J. Gray IV (*pro hac vice pending*)
andrew.gray@morganlewis.com
Shaobin Zhu (*pro hac vice pending*)
shaobin.zhu@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 843-4000
Facsimile: (650) 843-4001

**ATTORNEYS FOR DEFENDANT MERAKI
INTEGRATED CIRCUIT (SHENZHEN)
TECHNOLOGY, LTD**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 7, 2021, a copy of this document was

provided to the Court at the following e-mail address:

*TXWDml_LawClerks_JudgeAlbright@txwd.uscourts.gov.*

Counsel has also provided a copy of this document to counsel for Defendant Meraki at

the following e-mail addresses: *winn.carter@morganlewis.com;*

*elizabeth.chiaviello@morganlewis.com; seth.gerber@morganlewis.com;*

*andrew.gray@morganlewis.com; shaobin.zhu@morganlewis.com.*

*/s/ John P. Schnurer*
John P. Schnurer