IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **MONOLITHIC POWER SYSTEMS, INC.** and **CHENGDU MONOLITHIC POWER SYSTEMS CO., LTD.,**<br>Plaintiffs,<br><br>*v.*<br><br>**MERAKI INTEGRATED CIRCUIT (SHENZEN) TECHNOLOGY, LTD.** et al.,<br>Defendants. | § § § § § § § § § § § | NO. 6:20-CV-00876-ADA |

## ORDER DENYING PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE [ECF No. 70]

Came on for consideration this date is Plaintiffs' Motion for Leave to Effect Alternative Service on Chinese Defendants Qingmi (Beijing) Technology Co., Ltd. and Shenzen Times Innovation Technology Co. Ltd. ECF No. 70 (the "Motion").[1] After careful consideration of the Motion and the applicable law, the Court **DENIES** Plaintiffs' Motion without prejudice.

### I. BACKGROUND

Plaintiffs Monolithic Power Systems, Inc. and Chengdu Monolithic Power Systems Co., Ltd. (collectively, "MPS") sued Meraki Integrated Circuit (Shenzen) Technology, Ltd. ("Meraki"), Promate Electronic Co. Ltd., Qingmi (Beijing) Technology Co. Ltd. ("QBT"), Shenzen Times Innovation Technology Co. Ltd. ("STIT"), and Baseus Accessories LLC, alleging that each of the defendants have infringed two patents and that Meraki has committed several business torts. *See*

---

[1] Meraki filed an opposition brief on October 10, 2021, ECF No. 72, which this Court disregards because Meraki does not have standing to oppose a motion for alternative service on other defendants. *See In re Grana y Montero S.A.A. Sec. Litig.*, No. CV171105JMAARL, 2019 WL 259778, at *3 (E.D.N.Y. Jan. 9, 2019), *report and recommendation adopted*, 2019 WL 1046627 (E.D.N.Y. Mar. 5, 2019); *Bridges v. Poe*, No. 6:19-CV-01399-LSC, 2020 WL 3207278, at *3 (N.D. Ala. June 15, 2020) (collecting cases).

ECF No. 63. QBT and STIT are Chinese corporations that, according to Plaintiffs, are based in Beijing and Shenzhen respectively. ECF No. 70 at 2 (citing ECF No. 63 ¶¶23–24). MPS seeks an order from the Court permitting alternative service on QBT and STIT pursuant to Federal Rule of Civil Procedure 4(f)(3).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(h)(2) states that a foreign corporation served outside the United States are to be served "in any manner prescribed by Rule 4(f) for serving an individual, expect personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). "Rule 4(f)(3) provides that the Court may authorize service on a foreign individual 'by other means not prohibited by international agreement.'" *STC.UNM v. Taiwan Semiconductor Manufacturing Co. Ltd.* ("*STC.UNM v. TSMC*"), No. 6:19-cv-261-ADA, 2019 U.S. Dist. LEXIS 231994, at *3 (W.D. Tex. May 29, 2019) (quoting Fed. R. Civ. P. 4(f)(3)). "Thus, so long as the method of service is not *prohibited* by international agreement the Court has considerable discretion to authorize an alternative means of service." *Id.* (citing *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).

## III. ANALYSIS

The Court will not permit alternative service here where MPS has not shown that it has at least made some effort to serve QBT and STIT through other means first. To be sure, the Federal Rules of Civil Procedure do not demand that a plaintiff "attempt to effect service under Rule 4(f)(1) before requesting the authorization of an alternative method of service pursuant to Rule 4(f)(3)." *UNM Rainforest Innovations v. D-Link Corp.*, No. 6-20-CV-00143-ADA, 2020 U.S. Dist. LEXIS 122328, at *4-5 (W.D. Tex. July 13, 2020) (quoting *Affinity Labs of Texas, LLC v. Nissan N. Am. Inc.*, No. WA:13-cv-369, 2014 U.S. Dist. LEXIS 185740, 2014 WL 11342502, at *1 (W.D. Tex. July 2, 2014)). Indeed, "service of process under Rule 4(f)(3) is neither a 'last resort' nor

'extraordinary relief.' . . . It is merely one means among several which enables service of process on an international defendant." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (quoting *Forum Fin. Grp. v. President & Fellows of Harvard Coll.*, 199 F.R.D. 22, 23 (D. Me. 2001)). But, as this Court has recognized, "district courts are more likely to permit alternative service by email if service in compliance with the Hague Convention was attempted." *Terrestrial Comms LLC v. NEC Corp.*, No. 6:19-CV-00597-ADA, 2020 U.S. Dist. LEXIS 106909 (W.D. Tex. June 17, 2020) (collecting cases). Indeed, this Court has time-and-again recognized that "principles of comity encourage the court to insist, as a matter of discretion, that a plaintiff attempt to follow foreign law in its efforts to secure service of process upon defendant." *Id.* at *6 (quoting *Midmark Corp. v. Janak Healthcare Private Ltd.*, No. 3:14-cv-088, 2014 U.S. Dist. LEXIS 60665, 2014 WL 1764704, at *2 (S.D. Ohio May 1, 2014)). Here, the Court will exercise its discretion to deny MPS's motion for alternative service for failing to describe MPS's efforts in serving QBT and STIT heretofore.

## IV. CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Alternative Service is **DENIED** without prejudice.

SIGNED this 25th day of October, 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE