IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS WACO DIVISION

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC., a Delaware Corporation; and CHENGDU MONOLITHIC POWER SYSTEMS CO., LTD., a Chinese Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>MERAKI INTEGRATED CIRCUIT (SHENZHEN) TECHNOLOGY, LTD., et al.,<br><br>Defendants. | Civil Action No. 6:20-cv-00876-ADA |

**STIPULATED MOTION TO STAY CASE AS TO
DEFENDANT SHENZHEN TIMES INNOVATION TECHNOLOGY CO. LTD.**

Plaintiff Monolothic Power System, Inc. ("MPS") and Defendant Shenzhen Times Innovation Technology Co., Ltd. ("Defendant" or "STIT") submit this stipulation to stay this case as to STIT, under the following conditions:

1. Upon entry of the Order granting this motion, this case shall be stayed against STIT, pending the outcome of *Monolithic Power Systems, Inc. v. Meraki Integrated Circuit (SHENZHEN) Tech., Ltd.*, 4:22-cv-1986 (N.D. Cal.) ("the California Litigation"), with the exception of limited discovery set forth in paragraphs 2-5, below, about which this Court will retain jurisdiction to resolve disputes during the period in which the case is otherwise stayed.

2. Within sixty (60) days of issuance of the Order granting this motion, STIT shall produce emails and paper documents that are in STIT's possession, custody or control reflecting any communications with Meraki Integrated Circuit (Shenzhen) Technology, Ltd. ("Meraki") relating to the purchase by STIT of synchronous rectifier products manufactured by Meraki and accused of patent infringement in the Complaint ("Accused Meraki Components").

3. Within sixty (60) days of the issuance of the Order granting this motion, STIT shall produce a summary of its records of purchases of Accused Meraki Components. STIT represents that it has shipped only 2240 STIT products containing Accused Meraki Components ("Accused STIT Products") to the United States, and all of them have been shipped only to Baseus Accessories LLC ("Baseus"). STIT shall also produce a summary of shipments of Accused STIT Products to Baseus. STIT represents, based on information received from Baseus, that only approximately 415 Accused STIT Products have been sold in the United States. STIT represents that it has instructed Baseus to withdraw all unsold Accused STIT Products from sale in the U.S.

4. Within seventy-five (75) days of the issuance of the Order granting this motion, STIT shall provide a written certification authenticating the documents it has produced that satisfies the requirements of Fed. R. Evid. 803(6) and 902(12), a draft of which shall be provided to STIT by counsel for MPS.

5. Within ninety (90) days of issuance of the Order granting this motion, or at such other time as the parties may agree, STIT shall make available for a Zoom interview by counsel for Plaintiff a STIT representative to describe the communications with Meraki concerning the purchases of the Meraki Accused Components. Counsel for STIT shall participate in such interview, which shall last no more than two hours. MPS reserves the right to move to compel a 30(b)(6) deposition from STIT if MPS determines it necessary for MPS's case, but MPS shall not file a motion to compel without first attempting to obtain a stipulation from Meraki as to the authenticity and admissibility of documents that STIT has produced under paragraphs 2 and 3, above, and any such deposition shall be confined to laying a foundation for the admissibility of such documents.

6. During the pendency of the California Litigation, STIT shall not ship into the United States, or sell for importation into the United States any Accused STIT Products.

7. STIT shall be bound by the Court's determination of infringement and invalidity of the patents-in-suit in the California Litigation.

8. The parties will provide a joint status report to update the Court on the status of this case within thirty (30) days of any final resolution of the California Litigation. Prior to filing the joint status report, the parties shall meet in good faith to determine what, if any, issues remain to be resolved in this case after the final resolution of the California Litigation, and how to most efficiently and cost-effectively resolve those issues in the least burdensome manner possible, and to state their positions in the joint status report.

Dated: August 4, 2022                Respectfully submitted:

By:   /s/ Eric C. Cohen
      Eric C. Cohen
      (Admitted Pro Hac Vice)
      P.O. Box B113
      150 Fayetteville St., Suite 2800
      Raleigh, NC 27601
      eric.cohen@rimonlaw.com
      (984) 960-2860

Attorney for Defendant Shenzhen Times Innovation Technology Co., Ltd.

Dated: August 4, 2022

By:   /s/ John Esterhay
      John Esterhay
      Perkins Coie
      11452 El Camino Real, Suite 300
      San Diego, CA 92130-2080
      D. +1.858.720.5758
      F. +1.858.720.5858
      E. JEsterhay@perkinscoie.com


Attorneys for Plaintiffs Monolithic Power Systems, Inc. and Chengdu Monolithic Power Systems Co., Ltd.

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 4, 2022, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States District Court for the Western District of Texas on those parties registered to receive electronic notices.

>  */s/Eric C. Cohen*
>  Eric C. Cohen