UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC., A DELAWARE CORPORATION; AND CHENGDU MONOLITHIC POWER SYSTEMS CO., LTD., A CHINESE CORPORATION;<br><br>sPlaintiff,<br><br>v.<br><br>PROMATE ELECTRONIC CO., LTD., A TAIWANESE CORPORATION; QINGMI (BEIJING) TECHNOLOGY CO., LTD., SHENZHEN TIMES INNOVATION TECHNOLOGY CO. LTD.,<br><br>Defendants. | §§§§§§§§§§§§ CIVIL NO. W-20-CV-00876-ADA-DTG |

**REPORT AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

**TO:** **THE HONORABLE ALAN D ALBRIGHT,**
**UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the Parties' Joint Motion for Entry of Consent Judgment (ECF No. 139). After careful consideration of the briefs and the applicable law, the Court **RECOMMENDS** that the Motion be GRANTED and the Consent Judgment entered as described below.

**I. DISCUSSION**

On March 31, 2023, the Parties filed their Joint Motion for Entry of Consent Judgment (ECF No. 139). The parties have agreed to resolve all claims among them according to the terms of

the consent judgment (as described below) and consent to a final judgment being entered in this case. *Id.* at 1.

## II.     RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the Motion be **GRANTED**. Plaintiffs Monolithic Power Systems, Inc. and Chengdu Monolithic Power Systems Co., Ltd. (collectively, "MPS" or "Plaintiffs") and Defendant Shenzhen Times Innovation Technology Co. Ltd. ("STIT") hereby stipulate and consent to entry of final judgment as follows:

WHEREAS, MPS filed a third amended complaint in this lawsuit against Meraki Integrated Circuit (Shenzhen) Technology, Ltd. ("Meraki"), STIT, and other parties on November 29, 2021 asserting infringement of United States Patent Nos. 8,400,790 ("the '790 Patent"), and 10,432,104 ("the '104 Patent") (together, the "Asserted Patents") in addition to other claims against Meraki, which is not affiliated with STIT; and WHEREAS, the products MPS accuses of infringement are synchronous rectifier products manufactured and sold by Meraki, consisting of (1) the MK180X series, including MK1807, MK1808, MK91808; and MK171X series, including MK1715, MK1716, MK1718, MK1719, MK91735, MK91736, MK91738, MK91718, and any substantially similar products that are based on, related to, or perform substantially similar functions to those products related to the AR8X and AR9X die series; and (2) the MK173X0 series, including MK17350, MK17360; and MK170X series, including MK1705A, MK1706, MK1708, MK1709 and any substantially similar products that are based on, related to, or perform substantially similar functions to those products related to the VT8X die series. MPS has also accused of infringement any downstream product that incorporates any of these Meraki products, by virtue of the operation of the Meraki product incorporated into that product, including without limita-

tion chargers or any other power delivery device for handheld devices, tablets, netbooks, notebooks, workstations, hubs, docks, and other peripherals (together, the "Accused Products"). That includes certain fast charger products manufactured and sold by STIT and imported into the United States, including without limitation the Baseus Compact Quick Charger U+C 20W, Baseus Super Si Quick Charger 1C 25W, the Baseus GaN2 100W Fast Charger (and the Baseus 100W Quick Charge 5.0, if different) (the "STIT Accused Products"); and WHEREAS, STIT has not yet filed an answer or otherwise responded to this lawsuit; and WHEREAS, STIT has represented that it is no longer selling the STIT Accused Products in the United States, selling the STIT Accused Products for importation into the United States or importing the STIT Accused Products into the United States without a license, and the parties have settled all of their disputes in this Action and have agreed to entry of a Final Consent Judgment and Permanent Injunction as set forth herein;

IT IS HEREBY RECOMMENDED ORDERED, ADJUDICATED, AND DECREED THAT:

1. This Court has subject matter jurisdiction over this action as well as personal jurisdiction over STIT.
2. Venue is proper in this judicial district.
3. Plaintiffs Monolithic Power Systems, Inc. and Chengdu Monolithic Power Systems Co., Ltd. are the owners of the Asserted Patents.
4. The Asserted Patents are valid and enforceable.
5. Upon inducement by Meraki, STIT imported into the United States and sold certain models of the STIT Accused Products including without limitation the Baseus Compact Quick Charger U+C 20W, Baseus Super Si Quick Charger 1C 25W, the Baseus GaN2

    100W Fast Charger incorporating certain Meraki components accused of infringement, including without limitation the MK91736 and MK91808.

6. STIT does not contest the STIT Accused Products infringe at least one claim of each of the Asserted Patents.

7. STIT, and its agents, representatives, parents, subsidiaries, affiliates, and related companies, employees, and those persons in active concert or participation with them who receive actual notice of this Order are hereby permanently enjoined from making, using, selling, offering for sale, or importing into the United States the Accused Products, any merely colorable variations thereof, and any STIT products incorporating such Accused Products or variations, including without limitation the STIT Accused Products without a license.

8. MPS's claims against STIT for infringement of the Asserted Patents are dismissed with prejudice.

9. For all costs and attorneys' fees for this action, each party will bear its own costs and fees.

10. No other or further relief is granted to any party.

11. The parties affirmatively waive any and all rights to appeal this Final Consent Judgment and Permanent Injunction.

12. No just reason for delay prevents entry of this Final Consent Judgment and Permanent Injunction.

13. The Court retains jurisdiction over this Final Consent Judgment and Permanent Injunction for the purpose of ensuring compliance with the terms hereof.

### III.    OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

SIGNED this 4th of April, 2023.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE